1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBAS R. MOBINE,<br><br>                            Plaintiff,<br><br>    vs.<br><br>ONEWEST BANK, FSB, a California<br>Banking Association; INDYMAC<br>MORTGAGE SERVICES, a division of<br>OneWest Bank, FSB; MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEM,<br>INC., a Delaware Corporation; ALL<br>PERSONS UNKNOWN CLAIMING ANY<br>LEGAL OR EQUITABLE RIGHT, TITLE,<br>ESTATE, LIEN, OR INTEREST IN THE<br>PROPERTY DESCRIBED IN THE<br>COMPLAINT ADVERSE TO PLAINTIFF'S<br>TITLE, OR ANY CLOUD ON PLAINTIFF;<br>and DOES 1 through 100,<br><br>                          Defendants. | CASE NO. 11-cv-2550 – IEG (BGS)<br><br>ORDER GRANTING ONEWEST<br>BANK'S MOTION TO DISMISS<br>FIRST AMENDED COMPLAINT<br>[Doc. No. 3]. |

       Presently before the Court is Defendant OneWest Bank, FSB's motion to dismiss Plaintiff's First Amended Complaint.  Plaintiff did not file an opposition.  Having considered the Defendant's arguments, and for the reasons set forth below, the Court **GRANTS** the motion to dismiss and **DISMISSES** Plaintiff's claims against OneWest.[1]

---

[1]Plaintiff also names IndyMac Mortgage Service, which is a division of OneWest Bank and not a separate entity.

### *Background*

The factual background of the case was fully set forth in the Court's January 24, 2012 order and will not be repeated herein.  The Court granted Defendants' motion to dismiss the original complaint, dismissing with prejudice Plaintiff's claims against Defendant Mortgage Electronic Registration System ("MERS") as well as Plaintiff's claims for fraud and violation of the Truth in Lending Act.  [Doc. No. 8, p. 12.]  The Court also dismissed with leave to amend Plaintiff's claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), unjust enrichment, and unfair business practices.

Plaintiff filed a First Amended Complaint ("FAC") on February 14, 2012.  Defendant OneWest now moves to dismiss the FAC.

### *Legal Standard*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (internal citation omitted).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  The court, however, need not accept "legal conclusions" as true.  *Iqbal*, 129 S. Ct. at 1949.  Thus, "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  It is also improper for the court to assume that plaintiff "can prove facts that it has not alleged."  *Associated Gen. Contractors of Cal., Inc. v.*

*Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 129 S. Ct. at 1950.

### ***Discussion***

Defendant moves to dismiss the FAC, arguing Plaintiff failed to cure the deficiencies noted in the Court's order dismissing the original complaint.

*1.        RESPA*

The Court dismissed all of Plaintiff's claims against OneWest as set forth in the original complaint insofar as they were premised on acts or omissions of La Jolla Bank.  [Doc. No. 8, pp. 6-7.]  The Court also found Plaintiff's remaining RESPA allegations to be purely conclusory, as Plaintiff stated only that OneWest accepted charges other than for services actually performed. [Doc. No. 8, p. 10.]  In the FAC, Plaintiff alleges Defendants breached their duties under RESPA by failing to timely respond to written inquiries regarding loan origination documents, failing to make required disclosures, and failing to exercise due diligence in attempting to contact Plaintiff and assist him with the loan modification.

To the extent Plaintiff again attempts to assert claims under RESPA against OneWest based upon the failure to provide origination documents, such claims are barred because OneWest did not take on the liabilities associated with borrower claims against La Jolla Bank as explained in the Court's order dismissing the original complaint.  [Doc. No. 8, pp. 5-7.]   In addition, Plaintiff's claim that OneWest failed to provide him with a "Mortgage Servicing Transfer Disclosure" [FAC, ¶ 153(b)] lacks merit, because Plaintiff admits he received that document. [FAC, ¶ 124.]

OneWest's alleged lack of communication regarding the loan modification also does not violate RESPA.  Under 12 U.S.C. § 2605(e), a loan servicer has a duty to respond within 60 days to a Qualified Written Request ("QWR") from the borrower for information relating to the servicing of such loan.  The QWR must contain a statement of the reasons the borrow believes the account is in error or provide sufficient detail to the servicer regarding what other information is sought.  *Id*.  Here, Plaintiff alleges he sent numerous QWRs to OneWest for loan origination

documents, but does not provide copies of any of those letters or the dates on which they were sent.  [FAC, ¶¶ 145-148.]  Plaintiff states in his FAC that he in fact received such documents. [FAC, ¶ 148.]

Plaintiff does not allege any of his written requests related to the loan modification.  Even if Plaintiff made inquiries of OneWest employees in writing regarding the loan modification, those inquiries were not related to the servicing of his loan so as to fall within the scope of RESPA's timely response requirements.  *Saucedo v. Bank of America*, 2011 WL 6014008, *2 (D. Or. Dec. 1, 2011) (citing *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (noting that the statute defines "servicing" to mean related to the receipt of scheduled periodic payments of principal and interest)).

Finally, "[a] claim under RESPA for failure to respond to QWRs requires a showing that the violation proximately caused the plaintiff's damages."  *Frison v. WMC Mortgage Corp.*, 2011 WL 4571753, *4 (S.D. Cal. Sept. 30, 2011).  Plaintiff alleges he was ultimately forced into selling the house of his dreams as a result of Defendants' unscrupulous lending practices.  [FAC, ¶ 155.] However, Plaintiff lost him home because OneWest was unable to modify his large outstanding loan, not because of any particular failure by OneWest to respond to a QWR.  Plaintiff has not alleged any injury proximately caused by OneWest's alleged failure to communicate on the loan modification.

Having again failed to set forth facts to support his RESPA claim against OneWest, the Court DISMISSES such claim WITH PREJUDICE.

2.    *Unfair Business Practices*

Plaintiff's unfair business practices claim under Cal. Bus. & Prof. Code § 17200 is predicated on Defendants' failure to comply with consumer statutory protections under RESPA and the California Commercial Code.  [FAC, ¶¶ 160-163.]  Plaintiff's FAC fails to state a valid RESPA claim, and Cal. Comm. Code §§ 3301 *et seq* does not govern non-judicial foreclosure. *Castaneda v. Saxon Mortgage Servs., Inc.*, 687 F. Supp. 2d 1191, 1201 (E. D. Cal. 2009). Therefore, the Court DISMISSES Plaintiff's unfair business practices claim WITH PREJUDICE.

*3.*        *Unjust Enrichment*

Plaintiff again includes a separate cause of action for unjust enrichment.  However, California law entitles a party to the equitable remedy of unjust enrichment only as restitution for an underlying claim, and not as an independent cause of action.  *Levine v. Blue Shield of California*, 189 Cal. App. 4th 1117, 1138 (2010).  As noted by the Court in its order on Defendants' motion to dismiss the original complaint, the judicially noticeable documents establish that OneWest was entitled to collect Plaintiff's monthly payments.  [Doc. 8, pp. 10-11.] There is nothing fundamentally unjust about Plaintiff paying, and OneWest retaining, monies due on the loan. To the extent Plaintiff attempts to create an issue in the FAC as to OneWest's standing to collect payments on the loan as a result of the securitization process [FAC, ¶¶ 81-103.], courts have uniformly held that whether a loan is securitized has no bearing on a party's standing on a party's interest in a loan.  *Bascos v. Fed. Home Loan Mortgage Corp.*, 2011 WL 3157063, *6 (C.D. Cal. July 22, 2011) (discussing cases holding that a borrower does not have standing to challenge the validity of the securitization of the loan based upon its reassignment or sale). Therefore, the Court DISMISSES such claim WITH PREJUDICE.

*Conclusion*

For the reasons set forth herein, the Court GRANTS Defendant OneWest's motion to dismiss the FAC.  Plaintiff's claims against OneWest are DISMISSED with prejudice and without leave to further amend.  The Clerk is directed to close the case.

**IT IS SO ORDERED**.

**DATED:  April 27, 2012**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**